MOORHEAD STATE BANK, Appellant, v. A. E. DeCou et al.,
Appellees.

APPEAL AND ERROR:   Scope of Review—Finding of Trial Court.  In
    an action tried to the court without a jury, wherein plaintiff-mort-
    gagee sought recovery of the defendant for the conversion of the
    mortgaged chattels, a finding by the court that the identification
    of the property received by the defendant as the property covered
    by the mortgage was too indefinite to support any conclusion, will
    not be disturbed on appeal; it appearing from the record that such
    identification rested on a mere matter of inference from other
    proved matters, in spite of the fact that *direct* testimony was avail-
    able and not produced.

Headnote 1:   4 C. J. p. 883.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

JUNE 25, 1925.

ACTION at law for damages for conversion of corn, upon
which the plaintiff held a chattel mortgage.  Jury was waived,
and trial had to the court.  Upon a full hearing of the evidence,
there was a judgment dismissing the petition, and the plaintiff
appeals.—*Affirmed.*

*Cochran & Wolfe* and *Prichard & Prichard,* for appellant.

*C. W. Kellogg* and *H. L. Robertson,* for appellees.

EVANS, J.—I.   The record presented to us involves two
cases, which by agreement were tried together in the district
court.  They are submitted here upon the same record.  Each
case was brought by the same plaintiff against the defendant
DeCou and the defendant Barry, respectively, claiming separate
damages from each defendant for the value of certain corn pur-
chased by each, from the plaintiff's mortgagor.  The plaintiff
held a chattel mortgage executed by J. W. Donnelson and wife,
which purported to cover all crops raised in the year 1921 upon
certain described land in Harrison County.  The principal dis-

puted question of fact is whether the plaintiff sufficiently iden-
tified the corn separately purchased by the defendants respec-
tively, as being covered by its mortgage.  To avoid confusion,
we deal first with the DeCou case.  DeCou purchased by tele-
phone from Florence Donnelson, daughter of John W. Donnel-
son, certain corn.  He also purchased some in like manner from
one Clark, or Seabury (the record is not clear which one).
There was evidence that this corn was shelled on the Donnelson
farm.  The evidence was probably sufficient to warrant an infer-
ence that the corn was actually raised upon the particular farm
described in the mortgage.  But there was no direct evidence
to that effect.  The testimony as it was, was somewhat confusing
and contradictory.  Direct evidence was available.  Donnelson
was in court, but was not used.  If we were to try the case *de
novo*, we would be inclined to indulge in the inferences sug-
gested.  But the question was one for the trier of fact.  The
court, sitting as a jury, was the sole judge of the inferences that
were fairly deducible from the evidence.  The fact that the iden-
tity, if true, was readily proved by direct evidence, doubtless
influenced the trial judge in refusing to indulge in inferences.
In the absence of more direct evidence of identification, we would
not be justified in interfering with the finding of fact.

It is argued by appellant that the court erred, as a matter
of law, in that it sustained a motion by DeCou, as it were, to
direct a verdict.  That is to say, DeCou moved for a dismissal
of the petition, and for judgment.  The record discloses that
DeCou did so move at the close of plaintiff's evidence, and his
motion was overruled.  At the close of all the evidence, he re-
newed his motion.  At that time the court ruled as follows:

"* * * The motion of the defendant DeCou for a directed
verdict is sustained on the ground that the evidence relating to
the corn that was delivered to DeCou is so indefinite and uncer-
tain—contradictory—that the court does not feel that it is suf-
ficient to justify it in deciding in favor of the plaintiff on the
DeCou case."

It will be seen that this was a finding of fact by the court,
upon a consideration of all the evidence before it.  There was no
occasion for DeCou's motion, and it is apparent from the record
that it served no function at that stage.  It was a mere formality,

in any event, and only a method of asking the court to render a decision.

II. What we have said in the foregoing division is applicable also to the case against Barry. The case against her is somewhat stronger than that against DeCou, so far as the question of identification is concerned; but here also direct evidence identifying the corn as having been raised on the particular land described in the mortgage is wanting. The witness Ehlert did testify that the corn was raised on the Donnelson farm in Magnolia Township. But he also testified to his want of knowledge of what lands had been devoted to corn-raising by Donnelson, and thereby reduced his evidence to a matter of inference and conclusion on his own part. The only description given by him of the farm was that it was in Magnolia Township. There was no evidence that the farm described in the mortgage was in such township. Hubbard testified, in the first instance, quite categorically on this subject. But his cross-examination disclosed that he was not testifying from personal knowledge, but giving his conclusions only. Thereupon, on motion of the defendants, his evidence was stricken. No error is assigned on such ruling. Hubbard's evidence, therefore, is not to be considered. On the whole record, therefore, we think the finding of fact by the district court is conclusive upon us. .

The record presents an issue on the question of constructive notice, because of alleged faulty indexing of the plaintiff's chattel mortgage. In view of our conclusion on the other feature of the case, we have no occasion to consider this question.

The judgment of the district court is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.